IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANIELLE SCHULTZ,

    Plaintiff,

v.                                                        CASE NO. 1:12-cv-00148-MP-CAS

CAROLYN W COLVIN,

    Defendant.

_____/

## O R D E R

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation (Doc. 14). In the Report and Recommendation, the Magistrate Judge recommends that the matter be remanded under sentence four of 42 U.S.C. § 405(g) for the ALJ to obtain and consider the additional medical evidence described therein. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The time for filing objections has passed, and none have been filed. Upon consideration, the Court shall accept the Report and Recommendation and grant the motion to remand.

A remand under sentence four is considered a final judgment. <u>Bergen v. Commissioner</u>, 454 F.3d 1273 (11th Cir. 2006). Thus, absent a court order stating otherwise, plaintiff's counsel would normally have fourteen days after the order of remand to file a motion with the District Court requesting an award of attorney fees. Fed. R. Civ. P. 54(d)(2)(B). This Rule has been interpreted by the Eleventh Circuit to even apply to a request for fees to be paid from plaintiff's past due benefits pursuant to 42 U.S.C. § 406(b)(1). <u>Bergen</u>, 454 F.3d at 1277-78. However,

plaintiff's counsel in such a case will not know the amount of benefits - and therefore fees - until after the Commissioner awards benefits, which typically takes longer than fourteen days after the entry of judgment. Therefore, an extension of time to seek such fees is warranted, and was recommended by the Bergen opinion. Id. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge is adopted, the decision of the Administrative Law Judge is reversed, and this matter is remanded to the Commissioner.

This Clerk is directed to enter final judgment remanding this case to the Commissioner under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should contact Dr. Kanter and other treating medical sources, including Dr. Armstrong and Dr. Gengrich, and request any and all patient treatment records and further request whether they have any additional opinions or whether clarification is necessary. The Commissioner should gather any additional evidence, if necessary, to determine whether Plaintiff was disabled during the relevant period. This directive should not be read as favoring a particular outcome on remand.

Pursuant to Bergen, proceedings on attorney fees under the Social Security Act, 42 U.S.C. § 406(b) are stayed until the matter is fully adjudicated upon remand. The plaintiff shall file a motion to award fees under 406(b) within 30 days after counsel receives notice from the Commissioner as to plaintiff's past due benefits.

This stay relates only to attorney fee proceedings under § 406(b) of the Social Security Act, not to attorney fee proceedings under the Equal Access to Justice Act, 28 U.S.C. § 2412, the latter of which may be adjudicated at this time.

**DONE AND ORDERED** this *14th* day of August, 2013

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

*Case No: 1:12-cv-00148-MP-CAS*